**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| UNITED STATES SECURITIES<br>AND EXCHANGE COMMISSION,<br><br>      **Plaintiff,**<br><br>v.<br><br>KENNETH R. PAYNE, JOHANN M. SMITH,<br>DANIEL G. DANKER, CONSTANCE<br>BROOKS-KIEFER, HEARTLAND<br>FINANCIAL SERVICES, INC., JMS<br>INVESTMENT GROUP, LLC,<br><br>      **Defendants.** | Case No. 00-cv-1265-JMS-TAB<br><br>Hon. Jane Magnus-Stinson |

**JUDGMENT OF PERMANENT INJUNCTION
AS TO DEFENDANT DANIEL G. DANKER**

Pursuant to the motion of Plaintiff Securities and Exchange Commission ("SEC") for summary judgment and the entry of a permanent injunction against Defendant Daniel G. Danker ("Defendant"), the Court has considered the motions, memoranda, exhibits, and other evidence submitted by the parties, and finds and orders as follows:

I.

<u>FINDINGS</u>

    1.    The SEC filed a Complaint against Defendant and others on August 10, 2000;

    2.    Defendant entered a general appearance and the Court has jurisdiction over Defendant;

3. Defendant pleaded guilty to and was convicted of two counts of mail fraud and one count of money laundering; in the criminal proceeding, Defendant was ordered to pay restitution of $27,295,680.76.

4. Defendant was found in default in this case for failing to file a timely answer to the Complaint (JAMS dkt. 81);

5. After reviewing and considering the memoranda, exhibits and other evidence submitted in connection the SEC's motion for summary judgment (CM/ECF dkt. 22), the Court entered an Order on December 23, 2010 (CM/ECF dkt. 29) granting summary judgment in favor of the SEC and against Defendant on Counts I through VI of the Complaint;

6. Defendant is liable for violations of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e(a), (c)], as alleged in Count I of the Complaint;

7. Defendant is liable for violations of Section 17(a)(1) of the Securities Act [15 U.S.C. § 77q(a)(1)], as alleged in Count II of the Complaint;

8. Defendant is liable for violations of Section 17(a)(2) and (a)(3) of the Securities Act [15 U.S.C. § 77q(a)(2), (a)(3)], as alleged in Count III of the Complaint;

9. Defendant is liable for violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], as alleged in Count IV of the Complaint;

10. Defendant is liable for aiding and abetting violations of Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)], as alleged in Count V of the Complaint;

11. Defendant is liable for aiding and abetting violations of Section 15(c)(1) of the Exchange Act [15 U.S.C. § 78o(c)(1)] and Rule 15c1-2 promulgated thereunder [17 C.F.R. § 240.15c1-2], as alleged in Count VI of the Complaint; and

12. After reviewing and considering the memoranda, exhibits and other evidence submitted in connection the SEC's motion for summary judgment (CM/ECF dkt. 22) and the supplemental briefs submitted in connection with the SEC's request for permanent injunctive relief, the Court finds there is a reasonable likelihood that Defendant will engage in future violations of the aforementioned securities laws and therefore should be permanently enjoined.

## II.

## ORDER

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use

or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)], by, while engaging in business as a broker or dealer, making use of the mails or any instrumentality of interstate commerce to effect any transactions in, or to induce the purchase or sale of, any security (other than an exempted

security or commercial paper, bankers' acceptances, or commercial bills) unless registered as a broker dealer in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)] or associated with a broker or dealer that is registered with the Commission in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(c)(1) of the Exchange Act [15 U.S.C. § 78o(c)(1)] and Rule 15c1-2 promulgated thereunder [17 C.F.R. § 240.15c1-2], by, while acting as a broker dealer, making use of the mails or any instrumentality of interstate commerce to effect any transactions in, or to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) otherwise than on a national securities exchange of which it is a member, or any securities based swap agreement (as defined in section 206B of the Graham-Leacham-Bliley Act), by means of any manipulative, deceptive, or other fraudulent device or contrivance, including

    (a) any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, or

    (b) any untrue statement of a material fact and any omission to state a material fact necessary to make the statements made, in light of the circumstances under which

they are made, not misleading, with knowledge or reasonable grounds to believe the statement or omission is untrue or misleading.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

02/18/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via Mail only:**

Constance Brooks-Kiefer
3306 S. Ransdell Street
Indianapolis, IN 46227-1152

Daniel G. Danker
1910 NW Grove Ave.
Topeka, KS 66606

Kenneth R. Payne
Register # 06422-028
FCI Seagoville
P.O. Box 9000
Seagoville, TX 75159

**Distribution via ECF only:**

William Bock III
KROGER GARDIS & REGAS
wb@kgrlaw.com

Daniel J. Hayes
U.S. SECURITIES AND EXCHANGE COMMISSION
hayesdj@sec.gov

Dexter B. Johnson
MALLON & JOHNSON PC
djohnson@mallonandjohnson.com

Paul A. Montoya
SECURITIES & EXCHANGE COMMISSION
montoyap@sec.gov

Fred D. Scott Jr.
attyfredscott@sbcglobal.net

Kara Michelle Washington
SECURITIES & EXCHANGE COMMISSION
washingtonk@sec.gov

Dennis E. Zahn
VOYLES ZAHN PAUL HOGAN & MERRIMAN
dzahn@vzphmlaw.com